UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

SCHIAVONE CONSTRUCTION CO., INC., SCHIAVONE CONSTRUCTION CO., INC./GRANITE HALMAR, a joint venture and NEW YORK CITY TRANSIT AUTHORITY,

Plaintiffs,

-against-

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant.

-----------------------------------------------------------------------x

Civil Action No.

JUDGE MARRERO

08 CV 2523

**NOTICE OF REMOVAL**

MAR 13 2008
U.S.D.C. S.D. N.Y.
CASHIERS

**MADAMS/SIRS:**

Defendant LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual"), by its attorneys, JAFFE & ASHER LLP, respectfully alleges as follows:

1. On or January 31, 2008, plaintiffs commenced an action entitled Schiavone Construction Co., Inc., Schiavone Construction Co., Inc./Granite Halmar, a joint venture and New York City Transit Authority, Index No. 600290/08, in the Supreme Court of the State of New York, County of New York. Liberty Mutual first became aware of the action when, on or about February 28, 2008, a copy of the Summons and Verified Complaint was first delivered to an affiliate's office. A copy of the Summons and Verified Complaint is annexed hereto as Exhibit "1".

2. The Verified Complaint asserts two causes of action under an insurance policy allegedly issued by Liberty Mutual, pursuant to which plaintiffs seek insurance coverage for an underlying action entitled Verizon New York, Inc. v. New York

City Transit Authority, Granite Construction Northeast, Inc., f/k/a Granite Halmar

Construction Company, Inc., Schiavone Construction Co., Inc., Granite

Halmar/Schiavone, a joint venture, Granite Construction Northeast, Inc., d/b/a Granite

Halmar/Schiavone, a joint venture, and Schiavone Construction Co., Inc., d/b/a Granite

Halmar/Schiavone, a joint venture, Index No. 116486/06, which was also commenced in

the Supreme Court of the State of New York, County of New York (the "Underlying

Action").

        3.     The Notice of Removal is being filed by Liberty Mutual within thirty

(30) days of the service of the Summons and Verified Complaint and is timely filed

pursuant to 28 U.S.C. § 1441, 1446.

        4.     Liberty Mutual's time to move, answer, or otherwise respond to the

Complaint has not expired.

        5.     This Court has original jurisdiction over this civil action pursuant to

28 U.S.C. § 1332; the amount in controversy exceeds $75,000.00 and plaintiffs and

Liberty Mutual are citizens of different states.

        6.     Upon information and belief, at all relevant times, plaintiff

SCHIAVONE CONSTRUCTION CO., INC. ("Schiavone Construction") was, and still is,

a corporation duly organized under the laws of the State of New Jersey, with its principal

place of business located at 150 Meadowlands Parkway, Third Floor, Seacaucus, New

Jersey 07094.

        7.     Upon information and belief, at all relevant times, plaintiff

SCHIAVONE CONSTRUCTION CO., INC./GRANITE HALMAR, a joint venture, is a joint venture consisting of Schiavone Construction and Granite Halmar Construction Company, Inc., a corporation currently known as Granite Construction Northeast, Inc. ("Granite").

8. Upon information and belief, at all relevant times, Granite was, and still is, a corporation duly organized under the laws of the State of New York, with its principle place of business located at 585 West Beach Street, Watsonville, California 95076.

9. Upon information and belief, at all relevant times, plaintiff New York City Transit Authority was, and still is, a public benefit corporation organized and created pursuant to the laws of the State of New York, with its principal place of business located at 130 Livingston Street, Brooklyn, New York 12233.

10. At all relevant times, Liberty Mutual was, and still is, a stock insurance company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

11. Written notice of the filing of the Notice of Removal shall be given to adverse parties, and Liberty Mutual shall file the notice with the Clerk of the Supreme Court of the State of New York, County of New York, as required by law.

12. Liberty Mutual has not answered, moved, or otherwise responded to the Complaint, and no other proceedings have occurred heretofore in this action.

13. No previous application for the relief requested herein has heretofore

been made.

**WHEREFORE,** defendant-petitioner LIBERTY MUTUAL INSURANCE COMPANY respectfully requests that this action be removed to this Court.

Dated: New York, New York
March 11, 2008

Yours, etc.,

JAFFE & ASHER LLP

By: ______________________
Marshall T. Potashner, Esq. (MTP-3552)
Barak P. Cardenas, Esq. (BC-1276)
Attorneys for Defendant
LIBERTY MUTUAL INSURANCE COMPANY
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

# EXHIBIT 1

SCANNED ON 2/1/2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------x

SCHIAVONE CONSTRUCTION CO., INC., SCHIAVONE CONSTRUCTION CO., INC./GRANITE HALMAR, a joint venture and NEW YORK CITY TRANSIT AUTHORITY,

Plaintiffs,

-against-

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant.

---------------------------------------------------------------x

INDEX NO.

08600290

SUMMONS

FILED
JAN 3 1 2008
NEW YORK COUNTY CLERK'S OFFICE

TO: DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY:

You are hereby summoned to answer the Complaint in this action and serve a copy of your answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance upon third party plaintiff's attorneys within twenty (20) days after service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
January 24, 2008

GERSHON D. GREENBLATT, ESQUIRE
GREENBLATT LESSER LLP

Supreme Court Records OnLine Library - page 1 of 11

Attorneys for Plaintiffs
NEW YORK CITY TRANSIT AUTHORITY
SCHIAVONE CONSTRUCTION CO., INC. and
SCHIAVONE CONSTRUCTION CO., INC./GRANITE
HALMAR, a Joint venture
370 Lexington Avenue, Suite 505
New York, New York 10017
(212) 682-9832

TO: Liberty Mutual Insurance Company
Third Party Defendant
1166 Avenue of the Americas
New York, New York

Supreme Court Records OnLine Library - page 2 of 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---x

SCHIAVONE CONSTRUCTION CO., INC., SCHIAVONE CONSTRUCTION CO., INC./GRANITE HALMAR, a joint venture and NEW YORK CITY TRANSIT AUTHORITY,

Plaintiffs,

-against-

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant.

---x

INDEX NO.

DATE OF PURCHASE:

COMPLAINT

Plaintiffs, SCHIAVONE CONSTRUCTION CO., INC., SCHIAVONE CONSTRUCTION CO., INC/GRANITE HALMAR, a joint venture and NEW YORK CITY TRANSIT AUTHORITY, by their attorneys Greenblatt Lesser LLP, as and for its Complaint against the above-named defendant, LIBERTY MUTUAL INSURANCE COMPANY, allege upon information and belief as follows:

GENERAL ALLEGATIONS

(1) That at all times hereinafter mentioned, the plaintiff NEW YORK CITY TRANSIT AUTHORITY ("NYCTA") was/is a public benefit corporation duly organized under and existing by virtue of the laws of the State of New York.

(2) That at all time hereinafter mentioned, plaintiff SCHIAVONE CONSTRUCTION CO., INC. ("SCC") was/is a corporation organized under and existing by virtue of the laws of the State of New Jersey and authorized to do business in the State of New York.

(3) That all times hereinafter mentioned, plaintiff SCHIAVONE CONSTRUCTION CO.,

Supreme Court Records OnLine Library - page 3 of 11

INC./GRANITE HALMAR, a joint venture ("SCHIAVONE/GH JV") was/is authorized to do business in the State of New York.

(4) That at all times hereinafter mentioned, defendant LIBERTY MUTUAL INSURANCE COMPANY ("LIBERTY") was a foreign corporation authorized to do business in the State of New York, with its address located 1166 Avenue of the Americas, New York, New York.

(5) Verizon New York, Inc. ("Verizon") commenced an action in the New York Supreme Court of the State of New York, County of New York against the named plaintiffs to recover for damages sustained as a result of the alleged negligence and/or violation of New York Laws ("Verizon action"). The Verizon action is captioned Verizon New York, Inc. v. New York City transit Authority, et. al., Index No. 116486/06. A copy of the Summons and Complaint and plaintiffs' Answers in the Verizon action are attached hereto as Exhibit "1".

(6) Plaintiffs herein commenced a third party action against Roadway Contracting, Inc. ("Roadway") in the Verizon action. A copy of the third party summons and complaint is attached hereto as Exhibit "2".

(7) Verizon, in its Complaint in the Verizon action, alleges that it sustained property damage in the vicinity of State Street between Whitehall and Pearl Streets in the Borough of Manhattan in the City and State of New York.

(8) Verizon, in its Complaint in the Verizon action, alleges that it sustained property damage on August 4, 2005 due to the negligence and/or violations of New York Laws by plaintiffs.

Supreme Court Records OnLine Library - page 4 of 11

**AS AND FOR A FIRST CAUSE OF ACTION**

(9) Plaintiffs incorporate herein by reference each and every allegation of the previous paragraphs of this complaint.

(10) If plaintiffs were caused to sustain damages at the time and place set forth in Verizon's Complaint in the Verizon action through any negligence, recklessness and/or carelessness other than plaintiff"s own negligence, recklessness and/or carelessness, any such damages were caused by the negligence, recklessness, carelessness and/or acts of omission or commission of Roadway.

(11) Prior to August 4, 2005, NYCTA entered into a written contract with SCHIAVONE/GH JV in connection with the South Ferry Terminal project.

(12) On or about March 1, 2005, Roadway entered into a written sub-contract No. 510-010 with SCC and SCHIAVONE/GH JV in connection with work to be performed in connection with the South Ferry Terminal project.

(13) On August 4, 2005, said written sub-contract was in full force and effect.

(14) Pursuant to said written sub-contract, Roadway expressly agreed to indemnify and hold harmless SCC, SCHIAVONE/GH JV and NYCTA against all claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of the performance of Roadway=s work, as follows in relevant part:

> 7. HOLD HARMLESS: Subcontractor agrees to be bound to Contractor as to all indemnity obligations assumed by the Contractor to the Owner under the Prime Contract. Moreover, to the fullest extent permitted by law, Subcontractor assumes liability for and agrees to defend, indemnify and hold Contractor and Owner harmless form and against all claims, losses, and judgments (including

Supreme Court Records OnLine Library - page 5 of 11

reasonable attorneys' fees and expenses) for personal injury (including death) and property damage arising out of its work.

In addition, to the fullest extent permitted by law, Subcontractor agrees to defend, indemnify and hold Contractor and Owner harmless from:

c) all claims, demands, judgments, notices, and liabilities made against Contractor or Owner by any other party which arises out of the Work performed or any other act or omission of Subcontractor or any if its subcontractors, or other wise, including attorneys' fees.

(15) Pursuant to said written sub-contract, Roadway has an obligation to defend, indemnify and hold harmless plaintiffs SCC, SCHIAVONE/GH JV and NYCTA in the Verizon action.

(16) Pursuant to said written sub-contract, plaintiff SCHIAVONE/GH JV has requested that Roadway provide a defense of and indemnify SCC, SCHIAVONE/GH JV and NYCTA in the Verizon action.

(17) Roadway has to date refused to accept its obligation under the written sub-contract to defend, indemnify and hold harmless SCC, SCHIAVONE/GH JV and NYCTA in the Verizon action.

(18) Pursuant to "Schedule B" of the aforesaid written sub-contract entered into between Roadway and SCHIAVONE/GH JV, prior to the commencement of any work under that agreement and/or sub-contract, Roadway was required to purchase and maintain, at its own expense, insurance which named, *inter alia*, plaintiffs SCC, SCHIAVONE/GH JV and NYCTA as additional named insured pursuant to the terms of that insurance contract.

(19) Pursuant to its obligation under the sub-contract, Roadway obtained insurance

Supreme Court Records OnLine Library - page 6 of 11

policy number TB1-121-080943-115 from defendant LIBERTY with an expiration date of 10/1/2006 that includes SCC, SCHIAVONE/GH JV and NYCTA as additional named insureds under that insurance policy (ALiberty Policy).

(20) Tender of the defense of the Verizon action and a request for indemnification was timely made to LIBERTY on behalf of SCC, SCHIAVONE/GH JV and NYCTA.

(21) Said tender of the defense and request for indemnification under the Liberty Policy has to date been unreasonably denied by LIBERTY.

(22) As a result of defendant LIBERTY'S breach of its obligations under the Liberty Policy, plaintiffs SCC, SCHIAVONE/GH JV and NYCTA will be damaged by reason of such breach for the full amount of any recovery obtained against it by Verizon and/or any other party to this action or the Verizon action, including all legal fees and expenses, including cost of investigation, incurred by plaintiffs.

(23) Plaintiffs SCC, SCHIAVONE/GH JV and NYCTA respectfully request a judicial declaration that defendant LIBERTY is required, under the Liberty Policy, to defend and indemnify plaintiffs under the Liberty Policy in the Verizon action and reimburse plaintiffs for the cost for all legal fees and expenses incurred, include the cost of investigation, in connection with the Verizon action and any cross-claims therein.

**AS AND FOR A SECOND CAUSE OF ACTION**

(24) Plaintiffs incorporate herein by reference each and every allegation of the previous paragraphs of this complaint.

(25) Defendant LIBERTY had a duty of good faith and fair dealing with its insured,

Supreme Court Records OnLine Library - page 7 of 11

plaintiffs herein.

(26) Defendant LIBERTY has breached its duty of good faith and fair dealing with plaintiffs by refusing to defend and indemnify plaintiffs.

(27) Defendant LIBERTY acted with gross disregard of plaintiffs' interests, in bad faith and with the intent to cause harm to plaintiffs herein by refusing to defend and indemnify plaintiffs.

WHEREFORE, plaintiffs SCHIAVONE CONSTRUCTION CO., INC., SCHIAVONE CONSTRUCTION CO., INC./GRANITE HALMAR, a joint venture and NEW YORK CITY TRANSIT AUTHORITY , demand Judgment against defendant LIBERTY MUTUAL INSURANCE COMPANY on the First Cause of Action judicially declaring that LIBERTY MUTUAL INSURANCE COMPANY is required to defend and indemnify plaintiffs under the Liberty Policy in the Verizon action, and on the Second Cause of Action for a sum in excess of the jurisdictional limit of all lower courts which would otherwise have jurisdiction over this action, together with all costs, disbursements, and attorneys' fees incurred and such other, further, and different relief as this Honorable Court deems just and proper.

Dated: New York, New York
January 24, 2008

GERSHON D. GREENBLATT
GREENBLATT LESSER LLP
Attorneys for Plaintiffs
NEW YORK CITY TRANSIT AUTHORITY
SCHIAVONE CONSTRUCTION CO., INC. and

Supreme Court Records OnLine Library - page 8 of 11

SCHIAVONE CONSTRUCTION CO., INC./GRANITE HALMAR, a joint venture
370 Lexington Avenue, Suite 505
New York, New York 10017
(212) 682-9832

TO: Liberty Mutual Insurance Company
Defendant
1166 Avenue of the Americas
New York, New York

Supreme Court Records OnLine Library - page 9 of 11

**VERIFICATION**

GERSHON D. GREENBLATT, an attorney duly admitted to practice before the Court of the State of New York, affirms the following to be true under penalty of perjury:

(1) I am a member of Greenblatt Lesser LLP, attorneys for plaintiffs NEW YORK CITY TRANSIT AUTHORITY, SCHIAVONE CONSTRUCTION CO., INC. and SCHIAVONE CONSTRUCTION CO., INC/GRANITE HALMAR, a joint venture.

(2) This verification is made by affirmant because said plaintiffs do not reside in the county where affirmant maintains his offices.

(3) I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except those matter alleged upon information and belief and, as to those matter, I believe them to be true. The source of all matters not alleged upon personal knowledge is the file maintained by this law firm and documents maintained by and discussions with the parties.

Dated: New York, New York
January 24, 2008

GERSHON D. GREENBLATT

Supreme Court Records OnLine Library - page 10 of 11

GREENBLATT LESSER LLP

*Attorneys for*

370 Lexington Avenue, Suite 505
New York, New York 10017
~~(646) 509-2942~~ (212) 652-1852
Fax ~~(646) 509-2945~~ (212) 867-9319

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

VERIZON NEW YORK INC.,
**Plaintiff,**

**-against-**

NEW YORK CITY TRANSIT AUTHORITY, GRANITE CONSTRUCTION NORTHEAST, INC., f/k/a GRANITE HALMAR CONSTRUCTION COMPANY, INC., SCHIAVONE CONSTRUCTION CO., INC., GRANITE HALMAR/SCHIAVONE, a joint venture, GRANITE CONSTRUCTION NORTHEAST, INC., d/b/a GRANITE HALMAR/SCHIAVONE, a joint venture, and SCHIAVONE CONSTRUCTION CO., INC., d/b/a GRANITE HALMAR/SCHIAVONE, a joint venture,
**Defendants.**

***SUMMONS***

**Index No.** 06116486

The basis of venue designated above is that the action arose within the County of New York

Plaintiff's Address: 140 West Street
New York, NY 10007

Defendants' Addresses

New York City Transit Authority
130 Livingston Street
Brooklyn, NY 12233

Granite Construction Northeast, Inc.
2435 Grand Concourse
Bronx, NY 10468

FILED
NOV 03 2006
NEW YORK
COUNTY CLERK'S

Schiavone Construction Co., Inc.
150 Meadowlands Parkway
Third Floor
Seacuacus, NJ 07094

Granite Halmar/Schiavone, joint venture
2435 Grand Concourse
Bronx, NY 10468

Granite Construction Northeast, Inc. d/b/a
Granite Halmar/Schiavone, joint venture
2435 Grand Concourse
Bronx, NY 10468

Schiavone Construction Co., Inc. d/b/a
Granite Halmar/Schiavone, joint venture
150 Meadowlands Parkway
Third Floor
Seacuacus, NJ 07094

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to submit to Plaintiff's attorneys an Answer to the Complaint in this action within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: October 18, 2006

SOLOMON AND SOLOMON, P.C.

By: Jeffrey T. Culkin
Attorneys for Plaintiff
Office & P.O. Address
Columbia Circle, Box 15019
Albany, New York 12212-5019
Ph. (518) 456-7200
(File No.: 18033620)

Supreme Court Records OnLine Library - page 2 of 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

VERIZON NEW YORK INC.,

**Plaintiff,**

**-against-**

NEW YORK CITY TRANSIT AUTHORITY, GRANITE CONSTRUCTION NORTHEAST, INC., f/k/a GRANITE HALMAR CONSTRUCTION COMPANY, INC., SCHIAVONE CONSTRUCTION CO., INC., GRANITE HALMAR/SCHIAVONE, a joint venture, GRANITE CONSTRUCTION NORTHEAST, INC., d/b/a GRANITE HALMAR/SCHIAVONE, a joint venture, and SCHIAVONE CONSTRUCTION CO., INC., d/b/a GRANITE HALMAR/SCHIAVONE, a joint venture,

**Defendants.**

***COMPLAINT***

**Index No.** 06116486

FILED NOV 03 2006 NEW YORK COUNTY CLERK'S OFFICE

Plaintiff, Verizon New York Inc., by its attorneys, Solomon and Solomon, P.C., complaining of Defendants, respectfully alleges, upon information and belief:

AS AND FOR A FIRST CAUSE OF ACTION

1. At all times hereinafter mentioned, Plaintiff was and still is a domestic corporation duly organized and existing under and by virtue of the Transportation Corporations Law of the State of New York and has a place for the regular transaction of business at 140 West Street, New York, New York.

2. At all times hereinafter mentioned, Plaintiff was the owner of certain conduits, cables and other telephone facilities and appurtenances which had been rightfully placed in the subsurface of the property located in the vicinity of State Street between Whitehall Street and Pearl Street in the Borough of Manhattan, City and State of New York.

3. Upon information and belief, Defendant New York City Transit Authority was and still is a public benefit corporation organized and created pursuant to the Public Authorities Law of the State of New York and has an office for the transaction of business at 130 Livingston Street, Brooklyn, NY 12233.

4. Upon information and belief, Defendant Granite Construction Northeast, Inc. f/k/a Granite Halmar Construction Company, Inc., was and still is a domestic corporation having a principal place of business located at 2435 Grand Concourse, Bronx, NY 10468.

5. Upon information and belief, Defendant Schiavone Construction Co., Inc., was and still is a foreign business corporation authorized to do business in the State of New York, with a principal place of business located at 150 Meadowlands Parkway, Third Floor, Secaucus, New Jersey 07094.

6. Upon information and belief, Defendant Granite Halmar/Schiavone, joint venture, was and still is a joint venture having a principal place of business located at 2435 Grand Concourse, Bronx, NY 10468.

7. Upon information and belief, Defendant Granite Construction Northeast, Inc., was also doing business as Granite Halmar/Schiavone, a joint venture having a principal place of business located at 2435 Grand Concourse, Bronx, NY 10468.

8. Upon information and belief, Defendant Schiavone Construction Co., Inc., was also doing business as Granite Halmar/Schiavone, a joint venture, with a principal place of business located at 150 Meadowlands Parkway, Third Floor, Secaucus, New Jersey 07094.

9. A written notice of claim in the form required by the General Municipal Law, Section 50(e) of the State of New York, was duly served upon Defendant New York City Transit Authority, on or about September 22, 2005.

10. More than thirty (30) days have elapsed since the service of such notice and adjustment and/or payment of the claim has been neglected or refused.

11. This action is commenced within one year and ninety days after the happening of the event upon which the claim is based.

12. On or about August 4, 2005, Defendants, their agents, servants and/or employees, while working in the vicinity of State Street between Whitehall Street and Pearl Street in the Borough of Manhattan, NY, on and beneath the conduits, cables, telephone facilities and appurtenances of Plaintiff, used and employed excavating equipment.

13. On or about August 4, 2005, Defendants, their agents, servants and/or employees, knew or should have known of the presence of Plaintiff's conduits, cables and other telephone facilities and appurtenances and the location thereof.

14. On or about August 4, 2005, Defendants, their agents, servants and/or employees notwithstanding their knowledge, actual or constructive or both, of the presence or location of Plaintiff's aforesaid conduits, cables and other telephone facilities and appurtenances, excavated, dug and performed work in the vicinity of State Street between Whitehall Street and Pearl Street

Supreme Court Records OnLine Library - page 4 of 8

in the Borough of Manhattan, NY, and during the course thereof, and in a reckless, careless and negligent manner, damaged Plaintiff's conduits, cables and other telephone facilities and appurtenances hereinbefore mentioned.

15. Said damages herein referred to were caused solely by the negligence of Defendants without any negligence or fault on the part of Plaintiff contributing thereto.

16. Defendants having knowledge, actual, constructive or both, of the existence of the Plaintiff's facilities at the accident site, conducted their operations in a careless, negligent, reckless and haphazard manner; exercised improper, negligent, reckless and haphazard supervision over their agents, servants and/or employees; improperly and haphazardly planned and laid out work processes that they were carrying out at the aforesaid site; employed unskilled, inept, improper, negligent, careless, and reckless workers; was careless, negligent, reckless and haphazard about protecting the aforesaid property of the Plaintiff, failed to notify the Plaintiff that they would be working in the area of the Plaintiff's property and that the unskilled, inept, improper, negligent, careless and reckless contractors, workers, agents, servants and/or employees would be working in the immediate vicinity of Plaintiff's property; failed to avoid having their equipment strike a watermain, which caused flooding that damaged Plaintiff's cables, all to the damage of the Plaintiff.

17. By reason of the foregoing, Plaintiff was damaged in the sum of $191,665.29.

18. This is a claim for property damage only so that the limitations of liability of persons jointly liable as set forth in Article 16 of the CPLR do not apply to this action.

AS AND FOR A SECOND CAUSE OF ACTION

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "18" of Plaintiff's Complaint, inclusive, with the same full force and effect as though more fully set forth herein at length.

20. On or prior to August 4, 2005, Plaintiff was a public service corporation organized and existing under and by virtue of the laws of the State of New York. On and before August 4, 2005, Plaintiff owned and operated underground conduits, cables and other telephone facilities and appurtenances situated in the vicinity of State Street between Whitehall Street and Pearl Street in the Borough of Manhattan, NY.

Supreme Court Records OnLine Library - page 5 of 8

21. Prior to and on the aforesaid date, there was in force and effect a statute enacted for the protection of public service corporations' property of the class hereinabove described, to wit: Section 760 (et seq) of the General Business Law.

22. On or about August 4, 2005, Defendants, their agents, servants, and/or employees, excavated and/or dug the subsurface in the vicinity of State Street between Whitehall Street and Pearl Street in the Borough of Manhattan, NY, and said excavation was made without compliance with the written notice provisions and the protection of the conduit provisions of the aforesaid Section 760 (et seq) of the General Business Law, resulting in damages to Plaintiff's aforesaid conduits, telephone cables and facilities in the sum of $191,665.29.

AS AND FOR A THIRD CAUSE OF ACTION

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "22" of its Complaint, inclusive, with the same full force and effect as if same were more fully set forth herein at length.

24. Prior to and on the aforesaid date, there was in force and effect a statute enacted for the protection of public service corporations property of the class hereinbefore described, to wit: Section 119-b of the Public Service Law of the State of New York.

25. On or about August 4, 2005, Defendants, their agents, servants and/or employees excavated and/or dug the subsurface in the vicinity of State Street between Whitehall Street and Pearl Street in the Borough of Manhattan, NY and said excavation was made without compliance with the written notice provisions and protection of the conduit provisions of the aforesaid Section 119-b, resulting in damages to Plaintiff's facilities in the sum of $191,665.29.

AS AND FOR A FOURTH CAUSE OF ACTION

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "25" of its Complaint, inclusive, with the same full force and effect as if same were more fully set forth herein at length.

27. At all times heretofore mentioned, there was in force and effect a certain code, rule or regulation of the State of New York enacted for the protection of public service corporations' property of the class hereinbefore described, to wit: Industrial Code Rule No. 53 (16 NYCRR Section 753 <et seq>).

Supreme Court Records OnLine Library - page 6 of 8

28. On or about August 4, 2005, Defendants, their agents, servants, and/or employees, excavated and/or dug into the subsurface in the vicinity of State Street between Whitehall Street and Pearl Street in the Borough of Manhattan, NY and said excavation was made without compliance with the provisions of said Industrial Code Rule No. 53, resulting in damages to Plaintiff's aforesaid conduits, cables and other telephone facilities and appurtenances in the sum of $191,665.29.

WHEREFORE, Plaintiff Verizon New York Inc. demands judgment against Defendants in the sum of $191,665.29 with interest from August 4, 2005 together with costs and disbursements of this action.

Dated: October 18, 2006

SOLOMON AND SOLOMON, P.C.

By: Jeffrey T. Culkin
Attorneys for Plaintiff
Office & P.O. Address
Columbia Circle, Box 15019
Albany, New York 12212-5019
Ph. (518) 456-7200
Our File No.: 18033620

Supreme Court Records OnLine Library - page 7 of 8

COURT

STATE OF NEW YORK, COUNTY OF Index No. Year

ORIGINAL

SOLOMON AND SOLOMON, P.C.

*Attorney(s) for*

*Office and Post Office Address, Telephone*

BOX 15019
COLUMBIA CIRCLE
ALBANY, NEW YORK, 12212-5019
(518) 456-8100

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order of which the within is a true copy
will be presented for settlement to the HON. one of the judges of the
within named Court, at
on at M.

Dated.

# EXHIBIT 2

SCANNED ON 2/20/2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

VERIZON NEW YORK, INC,

Plaintiff,

-against-

NEW YORK CITY TRANSIT AUTHORITY, GRANITE CONSTRUCTION NORTHEAST, INC. f/k/a GRANITE HALMAR CONSTRUCTION COMPANY, INC., SCHIAVONE CONSTRUCTION CO., INC., GRANITE HALMAR/SCHIAVONE, a joint venture, GRANITE CONSTRUCTION NORTHEAST, INC. d/b/a GRANITE HALMAR/SCHIAVONE, a joint venture and SCHIAVONE CONSTRUCTION CO., INC d/b/a GRANITE HALMAR/SCHIAVONE, a joint venture,

Defendants,

Index No.: 116486/06

THIRD-PARTY SUMMONS

FILED
FEB 13 2007
NEW YORK
COUNTY CLERK'S OFFICE

SCHIAVONE CONSTRUCTION CO., INC., SCHIAVONE CONSTRUCTION CO., INC./GRANITE HALMAR, a joint venture and NEW YORK CITY TRANSIT AUTHORITY,

Third-Party Plaintiffs,

-against-

ROADWAY CONTRACTING, INC.,

Third-Party Defendant,

07590130

Third Party Index No.: ____________

Date Purchased: ______________

**TO THE ABOVE-NAMED THIRD PARTY DEFENDANT:**

You are hereby summoned to answer the third-party complaint in this action and serve a copy of your answer or, if the third-party complaint is not served with this Summons, to serve a Notice of Appearance upon third-party plaintiff's attorneys within twenty (20) days after service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and

in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
February 8, 2007

Yours, etc.,

PAYKIN GREENBLATT LESSER & KRIEG LLP

By: [signature]
KEVIN P. CARROLL
Attorneys for Defendants/
Third-Party Plaintiffs
NEW YORK CITY TRANSIT AUTHORITY
SCHIAVONE CONSTRUCTION CO., INC. and
SCHIAVONE CONSTRUCTION CO., INC./GRANITE
HALMAR, a joint venture
185 Madison Avenue – 10th Floor
New York, NY 10016
(212) 725-4423

TO: ROADWAY CONTRACTING, INC.
Third Party Defendant
570 Gardner Avenue
Brooklyn, NY 11222

SOLOMON AND SOLOMON, P.C.
Attorneys for Plaintiff
Columbia Circle, P.O. Box 15019
Albany, NY 12212-5019
[Your file No.: 18033620]

GRANITE CONSTRUCTION NORTHEAST, INC.
GRANITE HALMAR CONSTRUCTION COMPNAY, INC.
2435 Grand Concourse
Bronx, NY 10468

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

VERIZON NEW YORK, INC,

Plaintiff,

-against-

NEW YORK CITY TRANSIT AUTHORITY, GRANITE CONSTRUCTION NORTHEAST, INC. f/k/a GRANITE HALMAR CONSTRUCTION COMPANY, INC., SCHIAVONE CONSTRUCTION CO., INC., GRANITE HALMAR/SCHIAVONE, a joint venture, GRANITE CONSTRUCTION NORTHEAST, INC. d/b/a GRANITE HALMAR/SCHIAVONE, a joint venture and SCHIAVONE CONSTRUCTION CO., INC d/b/a GRANITE HALMAR/SCHIAVONE, a joint venture,

Defendants,

**Index No.: 116486/06**

**THIRD-PARTY COMPLAINT**

SCHIAVONE CONSTRUCTION CO., INC., SCHIAVONE CONSTRUCTION CO., INC./GRANITE HALMAR, a joint venture and NEW YORK CITY TRANSIT AUTHORITY ,

Third-Party Plaintiffs,

-against-

ROADWAY CONTRACTING, INC.,

Third-Party Defendant,

**Third Party Index No.:** 07590130

Date Purchased: ______________

Defendant/Third-Party Plaintiffs, **SCHIAVONE CONSTRUCTION CO., INC., SCHIAVONE CONSTRUCTION CO., INC/GRANITE HALMAR, a joint venture and NEW YORK CITY TRANSIT AUTHORITY**, by their attorneys Paykin Greenblatt Lesser &

Krieg LLP, as and for its Third-Party Complaint against the above-named Third-Party Defendant, **ROADWAY CONTRACTING, INC.**, alleges upon information and belief as follows:

1. That at all times hereinafter mentioned, the Defendant/Third-Party Plaintiff NEW YORK CITY TRANSIT AUTHORITY ("NYCTA") was/is a municipal corporation duly organized under and existing by virtue of the laws of the State of New York.

2. That at all time hereinafter mentioned, defendant/third party plaintiff SCHIAVONE CONSTRUCTION CO., INC. ("SCC") was/is a corporation organized under and existing by virtue of the laws of the State of New Jersey and authorized to do business in the State of New York.

3. That all times hereinafter mentioned, defendant/third party plaintiff SCHIAVONE CONSTRUCTION CO., INC/GRANITE HALMAR, a joint venture ("SCHIAVONE/GH JV") was/is authorized to do business in the State of New York

4. That at all times hereinafter mentioned, the Third-Party Defendant ROADWAY CONTRACTING, INC. ("ROADWAY") was a corporation organized and existing by virtue of the laws of the State of New York, with its address located 570 Gardner Avenue, Brooklyn, NY 11222.

5. Plaintiff VERIZON NEW YORK, INC. ("VERIZON") commenced an action against the named defendants to recover for damages sustained as a result of the alleged negligence and/or violation of New York Laws. Copies of plaintiff's Summons and Complaint and Defendants' Answers are annexed hereto as Exhibit "1".

Supreme Court Records OnLine Library - page 4 of 13

6. Plaintiff VERIZON, in the Complaint, alleges that it sustained property damage in the vicinity of State Street between Whitehall and Pearl Streets in the Borough of Manhattan in the City and State of New York.

7. Plaintiff VERIZON, in its Complaint, alleges that that it sustained property damage on August 4, 2005 due to the negligence and/or violations of New York Laws by defendants.

8. If plaintiff was caused to sustain damages at the time and place set forth in plaintiff's Complaint through any negligence, recklessness and/or carelessness other than plaintiff's own negligence, recklessness and/or carelessness, any such damages were caused by the negligence, recklessness, carelessness and/or acts of omission or commission of Third-party Defendant ROADWAY.

9. By reason of the foregoing, Third-party Defendant ROADWAY shall be liable to Defendants/Third-Party Plaintiffs SCC, SCHIAVONE/GH JV and NYCTA for the full amount of any recovery of damages or award by plaintiff and/or the co-defendants as against SCC, SCHIAVONE/GH JV and/or NYCTA, including any attorneys' fees, cost of investigation and/or disbursements incurred by said third party plaintiffs.

**AS AND FOR A SECOND CAUSE OF ACTION**

10. Defendants/Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "9" herein with the same force and effect as if those allegations were fully set forth at length herein.

11. If the plaintiff and/or any other party recovers a judgment against the Defendants/Third-Party Plaintiffs SCC, SCHIAVONE/GH JV and/or NYCTA for the alleged

Supreme Court Records OnLine Library - page 5 of 13

damages that plaintiff alleges to have suffered at the time and place alleged in plaintiff's Complaint, then such damages and/or liability imposed upon Defendants/Third-Party Plaintiffs SCC, SCHIAVONE/GH JV and/or NYCTA will have been caused and brought about by reason of the primary and active negligence of Third-Party Defendant ROADWAY, its agents, servants and/or employees in permitting, causing and/or creating the alleged conditions set forth in plaintiffs' Complaint and by Third-Party Defendant ROADWAY'S failure to generally exercise due care and diligence, without any active or primary negligence on the part of Defendants/Third-Party Plaintiffs SCC, SCHIAVONE/GH JV and NYCTA contributing thereto.

12. By reason of the foregoing, Third-Party Defendant ROADWAY shall be liable to Defendants/Third-Party Plaintiffs SCC, SCHIAVONE/GH JV and NYCTA for the full amount of any recovery of damages or award by plaintiff and/or any other party as against SCC, SCHIAVONE/GH JV and/or NYCTA.

**AS AND FOR A THIRD CAUSE OF ACTION**

13. Defendants/Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "12" herein with the same force and effect as if those allegations were fully set forth at length herein.

14. Prior to August 4, 2005, NYCTA entered into a written contract with SCHIAVONE/GH JV in connection with the South Ferry Terminal project.

15. On or about March 1, 2005, Third-Party Defendant ROADWAY entered into a written sub-contract no. 510-010 with SCC and SCHIAVONE/GH JV in connection with work to be performed in connection with the South Ferry Terminal project. A copy of said sub-contract is annexed as Exhibit "2".

Supreme Court Records OnLine Library - page 6 of 13

16. On August 4, 2005, said written sub-contract was in full force and effect.

17. Upon information and belief, on August 4, 2005 and prior thereto, SCHIAVONE/GH JV had fulfilled all of its requirements pursuant to said written sub-contract.

18. Pursuant to said written sub-contract, Third-party Defendant ROADWAY expressly agreed to indemnify and hold harmless SCC, SCHIAVONE/GH JV and NYCTA against all claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of the performance of Third-Party Defendant ROADWAY'S work, as follows in relevant part:

> 7. **HOLD HARMLESS**: Subcontractor agrees to be bound to Contractor as to all Indemnity obligations assumed by the Contractor to the Owner under the Prime Contract. Moreover, to the fullest extent permitted by law, Subcontractor assumes liability for and agrees to defend, indemnify and hold Contractor and Owner harmless form and against all claims, losses, and judgments (including reasonable attorneys' fees and expenses) for personal injury (including death) and property damage arising out of its work.
>
> In addition, to the fullest extent permitted by law, Subcontractor agrees to defend, indemnify and hold Contractor and Owner harmless from:
>
> c) all claims, demands, judgments, notices, and liabilities made against Contractor or Owner by any other party which arises out of the Work performed or any other act or omission of Subcontractor or any if its subcontractors, or other wise, including attorneys' fees.

19. Pursuant to said written sub-contract, Third-Party Defendant ROADWAY has an obligation to indemnify and hold harmless Defendants/Third-Party Plaintiffs SCC, SCHIAVONE/GH JV and NYCTA.

20. Upon information and belief, SCC and SCHIAVONE/GH JV have performed any and all obligations pursuant to the aforesaid written sub-contract and

Supreme Court Records OnLine Library - page 7 of 13

Defendants/third Party Plaintiffs SCC, SCHIAVONE/GH JV and NYCTA are entitled to all representations, warrantees, covenants and causes accruing to their benefit by virtue of the indemnification and hold harmless provisions of the aforesaid written sub-contract.

21. Pursuant to said written sub-contract, Defendant/Third Party plaintiff SCHIAVONE/GH JV has requested that Third-Party Defendant ROADWAY provide a defense of and indemnify SCC, SCHIAVONE/GH JV and NYCTA in this action.

22. Third-Party Defendant ROADWAY has to date refused to accept its obligation under the written sub-contract to defend, indemnify and hold harmless Defendants/Third-Party Plaintiffs SCC, SCHIAVONE/GH JV and NYCTA.

23. By reason of the foregoing, Third-Party Defendant ROADWAY is and/or will be liable to Defendants/Third-Party Plaintiffs SCC, SCHIAVONE/GH JV and NYCTA and bound to indemnify SCC, SCHIAVONE/GH JV and NYCTA in the event of any recovery herein by plaintiff and/or any other party against SCC, SCHIAVONE/GH JV and NYCTA in the full amount of such recovery, as well as any and all attorneys' fees, cost of investigation and disbursements incurred in this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**

24. Defendants/Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "23" herein with the same force and effect as if those allegations were fully set forth at length herein.

25. The plaintiff in its Complaint alleges that certain applicable rules, statutes and/or ordinances were violated.

Supreme Court Records OnLine Library - page 8 of 13

26. If any rules, statutes and/or ordinances were violated, all of which is specifically denied, then such violation was due to the acts and/or omissions Third-Party Defendant ROADWAY.

27. If plaintiff and/or any other party recovers any sums, verdict or award in this action, for the damages allegedly sustained by plaintiff, as against Defendants/Third-Party Plaintiffs SCC, SCHIAVONE/GH JV and/or NYCTA, by reason of any violation of any rule, statute and/or ordinance, then Third-Party Defendant ROADWAY shall be liable to Defendants/Third-Party Plaintiffs SCC, SCHIAVONE/GH JV and NYCTA for all of said sums, verdict or award or portion thereof as the Court may determine to be the proportionate share of liability amongst the parties.

**AS AND FOR A FIFTH CAUSE OF ACTION**

28. Defendants/Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "27" herein with the same force and effect as if those allegations were fully set forth at length herein.

29. Pursuant to "Schedule B" of the aforesaid written sub-contract entered into between Third-Party Defendant ROADWAY and SCHIAVONE.GH JV, prior to the commencement of any work under that agreement and/or sub-contract, Third-party Defendant ROADWAY was to purchase and maintain, at its own expense, insurance which named, *inter alia*, Defendants/Third party Plaintiffs SCC, SCHIAVONE/GH JV and NYCTA as Additional Named Insured pursuant to the terms of that insurance contract.

30. Upon information and belief, Third-Party Defendant ROADWAY has breached its written sub-contract in connection with obtaining such insurance which lists, *inter*

Supreme Court Records OnLine Library - page 9 of 13

*alia*, Defendants/Third party Plaintiffs SCC, SCHIAVONE/GH JV and NYCTA as an Additional Named Insured under its insurance policy(s).

31. As a result of Third-Party Defendant ROADWAY'S breach of the aforementioned written agreement and/or sub-contract with SSFK JV, Defendants/Third-party plaintiffs SCC, SCHIAVONE/GH JV and NYCTA will be damaged by reason of such breach for the full amount of any recovery obtained against it by plaintiff.

32. If plaintiff and/or any other party recovers any sums, verdict or award against Defendants/Third-Party Plaintiffs SCC, SCHIAVONE/GH JV and/or NYCTA, then Third-party Defendant ROADWAY shall be liable to Defendants/Third-Party Plaintiffs SCC, SCHIAVONE/GH JV and NYCTA for all of said sums, verdict or award as a result of Third-Party Defendant ROADWAY'S breach of said agreement and/or sub-contract and the terms thereof.

**WHEREFORE**, Defendants/Third-Party Plaintiffs **SCHIAVONE CONSTRUCTION CO., INC., SCHIAVONE CONSTRUCTION CO., INC./GRANITE HALMAR, a joint venture and NEW YORK CITY TRANSIT AUTHORITY** , demand Judgment against Third-Party Defendant **ROADWAY CONTRACTING, INC**. on the first, second, third, fourth and fifth causes of action contained in the Third-Party Complaint, together with all costs, disbursements, and attorneys' fees incurred in connection with this action and such other, further, and different relief as this Honorable Court deems just and proper.

Supreme Court Records OnLine Library - page 10 of 13

Dated: New York, New York
February 8, 2007

Yours, etc.,

PAYKIN GREENBLATT LESSER & KRIEG LLP

By: [signature]
KEVIN P. CARROLL
Attorneys for Defendants/
Third-Party Plaintiffs
NEW YORK CITY TRANSIT AUTHORITY
SCHIAVONE CONSTRUCTION CO., INC. and
SCHIAVONE CONSTRUCTION CO.,
INC./GRANITE HALMAR, a joint venture
185 Madison Avenue – 10th Floor
New York, NY 10016
(212) 725-4423

TO: ROADWAY CONTRACTING, INC.
Third Party Defendant
570 Gardner Avenue
Brooklyn, NY 11222

SOLOMON AND SOLOMON, P.C.
Attorneys for Plaintiff
Columbia Circle, P.O. Box 15019
Albany, NY 12212-5019
[Your file No.: 18033620]

GRANITE CONSTRUCTION NORTHEAST, INC.
GRANITE HALMAR CONSTRUCTION COMPNAY, INC.
2435 Grand Concourse
Bronx, NY 10468

Supreme Court Records OnLine Library - page 11 of 13

**VERIFICATION**

**KEVIN P. CARROLL**, an attorney duly admitted to practice before the Court of the State of New York, affirms the following to be true under penalty of perjury:

1. I am a member of Paykin Greenblatt, Lesser & Krieg, LLP, attorneys for defendants/third party plaintiffs NEW YORK CITY TRANSIT AUTHORITY, SCHIAVONE CONSTRUCTION CO., INC. and SCHIAVONE CONSTRUCTION CO., INC/GRANITE HALMAR, a joint venture.

2. This verification is made by affirmant because SCHIAVONE CONSTRUCTRION, CO., INC. does not reside in the County where affirmant maintains his offices.

2. I have read the foregoing Third Party Complaint and know the contents thereof. The same is true to my own knowledge, except those matter alleged upon information and belief and, as to those matter, I believe them to be true. The source of all matters not alleged upon personal knowledge is the file maintained by this law firm and documents maintained by and discussions with defendants/third party plaintiffs.

Dated: New York, New York
February 8, 2007

KEVIN P. CARROLL

#113140v1

Supreme Court Records OnLine Library - page 12 of 13

PAYKIN GREENBLATT LESSER & KRIEG LLP

Index No. 116486/06

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

VERIZON NEW YORK, INC.,

Plaintiff,

-against-

NEW YORK CITY TRANSIT AUTHORITY, et al.,

Defendants,

SCHIAVONE CONSTRUCTION CO. et al.,

Third-Party Plaintiffs,

-against-

ROADWAY CONTRACTING, INC.,

Third-Party Defendant.

## SUMMONS AND COMPLAINT

**PAYKIN GREENBLATT LESSER & KRIEG LLP**

Attorney(s) for Defendants & Third-Party Plaintiffs Schiavone and NYC Transit Authority

Office and Post Office Address, Telephone

**185 MADISON AVENUE**
**10TH FLOOR**
**NEW YORK, NEW YORK 10016**
**(212) 725-4423**

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated,

Attorney(s) for ....................................

**Sir: Please take notice**

☐ *NOTICE OF ENTRY*

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on 20

☐ *NOTICE OF SETTLEMENT*

that an order of which the within is a true copy will be presented for settlement to the HON. one of the judges

of the within named Court, at
on the day of 20 at M.

Dated,

Yours, etc.

PAYKIN GREENBLATT LESSER & KRIEG LLP

Attorney(s) for