```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SCHIAVONE CONSTRUCTION CO. INC.,            Civil Action No.:
SCHIAVONE CONSTRUCTION CO.                  08 CV 2523 (LAP)
INC./GRANITE HALMAR, a joint venture and
NEW YORK CITY TRANSIT AUTHORITY,
                                            ANSWER
                 Plaintiffs,

      -against-

LIBERTY MUTUAL INSURANCE COMPANY,

                 Defendant.
------------------------------------------------------------------x
```

**M A D A M S/S I R S:**

Defendant LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual"), by its attorneys, JAFFE & ASHER LLP, as and for its Answer to the Complaint of the plaintiffs SCHIAVONE CONSTRUCTION, INC., SCHIAVONE CONSTRUCTION CO., INC./GRANITE HALMAR, a joint venture, and NEW YORK CITY TRANSIT AUTHORITY, states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the complaint.

4. Admits the allegations contained in paragraph "4" of the complaint, except that Liberty Mutual specifically avers that its principal place of business is located at 175 Berkeley Street, Boston, Massachusetts.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the complaint.

## AS AND FOR A RESPONSE TO THE FIRST CLAIM FOR RELIEF

9. Repeats and realleges the denials and admissions as they relate to paragraph "9" of the complaint.

10. Denies each and every allegation contained in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the complaint.

19. Denies each and every allegation contained in paragraph "19" of the complaint, except Liberty Mutual admits that it issued policy number TB1-121-080943-115 to Roadway Contracting, Inc. ("Roadway"), with a policy period from October 1, 2005 to October 1, 2006.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the complaint.

21. Denies each and every allegation contained in paragraph "21" of the complaint, except that Liberty Mutual admits that plaintiffs are not entitled to coverage from Liberty Mutual.

22. Denies each and every allegation contained in paragraph "22" of the complaint.

23. Denies each and every allegation contained in paragraph "23" of the complaint.

### AS AND FOR A RESPONSE TO THE SECOND CLAIM FOR RELIEF

24. Repeats and realleges the denials and admissions as they relate to paragraph "24" of the complaint.

25. Denies each and every allegation contained in paragraph "25" of the complaint, and Liberty Mutual respectfully refers this Court to its policy for determination of its obligations.

26. Denies each and every allegation contained in paragraph "26" of the complaint

27. Denies each and every allegation contained in paragraph "27" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28. The complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29. The complaint is barred in whole or in part by the doctrines of waiver and/or estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30. Plaintiffs' attempts to modify, amend, or otherwise change the terms and conditions of the policy at issue are barred by the statute of frauds and/or parole evidence rule.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

31. Any recovery must be reduced to the extent Plaintiffs failed to mitigate, minimize or avoid any damage allegedly sustained arising out of the handling, defending, and/or settling of the underlying action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32. Plaintiffs' claims are or may be barred in whole or in part to the extent the attorneys' fees and other costs allegedly incurred in connection with the defense of the underlying action are unreasonable or unnecessary.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33. Plaintiffs are not insureds or additional insureds pursuant to the terms of the policy at issue.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

34. Plaintiffs lack privity of contract with Liberty Mutual.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

35. Liberty Mutual does not have any obligation to reimburse plaintiffs for costs incurred prior to when a claim was first tendered to Liberty Mutual for a defense and indemnity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

36. Plaintiffs lack standing to bring a direct action against Liberty Mutual.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

37. Liberty Mutual does not have any duty to indemnify or defend the plaintiffs as a result of the plaintiffs failure to timely notify Liberty Mutual of the claims made by Verizon New York, Inc. in the Underlying Action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

38. Plaintiffs' claims for relief are barred in whole or in part by exclusions, limits of liability, endorsements, conditions, and definitions contained in the insurance policy.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

39. The Policy provides in part as follows:

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

    **2. Duties in the Event Of Occurrence, Offense, Claim Or Suit**

        **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        **(1)** How, when and where the "occurrence" or offense took place;

        **(2)** The names and addresses of any injured persons and witnesses; and

     **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

  **b.** If a claim is made or "suit" is brought against any insured, you must:

     **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

     **(2)** Notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  **c.** You and any other involved insured must:
     **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

     **(2)** Authorize us to obtain records and other information;

     **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

     **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

40. There is no coverage for the plaintiffs due to their failure to comply with the above policy provisions.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

41. The policy at issue provides, in pertinent part, as follows:

This insurance does not apply to:

* * *

2. "Bodily injury" or "property damage" occurring after:

   a. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

   b. That portion of "your work" out of which the injury or damages arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

42. Plaintiffs are not entitled to coverage to the extent these exclusions apply.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

43. The Policy contains an endorsement that provides in part as follows:

### DEDUCTIBLE LIABILITY INSURANCE

Property Damage Liability ........................... $50,000

A. Our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverages.

44. Liberty Mutual's liability, if any, is limited by and subject to the above endorsement.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

45. Any coverage afforded by Liberty Mutual's policy would be excess of coverage available from other insurers.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

46. Upon information and belief, plaintiffs' defense and indemnity is being completely funded by another insurer; thus, Plaintiffs has suffered no damages.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

47. Upon information and belief, Plaintiffs' defense and indemnity is being completely funded by another insurer or other insurers.

48. Upon information and belief, Plaintiffs' pursuit of the causes of action alleged herein are being funded by such insurer or insurers and are nothing more than an attempt by such other insurer or insurers to avoid the primary nature of their coverage.

49. As such, the Complaint is barred.

**WHEREFORE**, defendant LIBERTY MUTUAL INSURANCE COMPANY, demands judgment dismissing the Complaint, and granting to said defendant the costs and

disbursements of this action together with such other and further relief as which this Court deems just and proper.

Dated: New York, New York
April 15, 2008

Yours, etc.,

JAFFE & ASHER LLP

By: _____
    Marshall T. Potashner (MTP-3552)
    Barak P. Cardenas (BPC-1276)
Attorneys for Defendant
LIBERTY MUTUAL
INSURANCE COMPANY
600 Third Avenue, 9TH Floor
New York, New York 10016
(212) 687-3000

TO: GREENBLATT LESSER LLP
Attorneys for Plaintiffs
NEW YORK CITY TRANSIT
AUTHORITY, SCHIAVONE
CONSTRUCTION CO., INC. and
SCHIAVONE CONSTRUCTION
CO., INC./GRANITE HALMAR,
a joint venture
370 Lexington Avenue, Suite 505
New York, New York 10017
(212) 682-9832