UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X
 :
SCHIAVONE CONSTRUCTION COMPANY :
INC., et al., : 08 Civ. 2523 (LAP)
 :
              Plaintiffs, : ORDER
 :
     v. :
 :
LIBERTY MUTUAL INSURANCE :
COMPANY, :
 :
             Defendant. :
 :
- - - - - - - - - - - - - - - - - -X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/08
```

LORETTA A. PRESKA, U.S.D.J.

    Currently pending before this Court are letters from each party, which I construe as Defendant Liberty Mutual Insurance Company's ("Liberty") motion to dismiss Plaintiff Schiavone's second claim against Liberty for having "breached its duty of good faith and fair dealing with plaintiffs by refusing to defend and indemnify plaintiffs." (Compl. ¶ 26.)[1] The question currently before the Court is whether a separate tort action exists for breach of the duty of good faith and fair dealing against an insurance company for refusing to indemnify and defend an insured from third party claims.

---

[1] Reference is to the Complaint filed in New York State Supreme Court and included as an exhibit in the Notice of Removal. [dkt. no. 1]

Under New York State law, "there is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations under an insurance policy." Cont'l Cas. Co. v. Nationwide Indem. Co., 16 A.D.3d 353, 355 (1st Dep't 2005) (citing Acquista v. N.Y. Life Ins. Co., 285 A.D.2d 73, 78 (1st Dep't 2001), and Zawahir v. Berkshire Life Ins. Co., 22 A.D.3d 841, 842 (2d Dep't 2005) ("Assuming that the plaintiff intended to allege 'insurance bad faith,' he failed to state a cause of action, as there is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations under an insurance contract.")); see also Polidoro v. Chubb Corp., 354 F. Supp. 2d 349, 352 (S.D.N.Y. 2005) ("Plaintiff's claim for bad-faith conduct in handling insurance claims is not legally-cognizable under New York law."); USAlliance Fed. Credit Union v. CUMIS Ins. Soc'y, Inc., 346 F. Supp. 2d 468, 470 (S.D.N.Y. 2004) ("Plaintiff's claim for bad faith denial of coverage is crafted as an independent cause of action in its complaint but, as the Defendant correctly points out, an independent tort action for bad faith denial of insurance coverage is not recognized in New York.").

Accordingly, Defendant's motion is GRANTED, and Plaintiff's second claim -- for breach of good faith and fair dealing -- is dismissed.

SO ORDERED:

DATED:   New York, New York
         July 18, 2008

                                        _____
                                        LORETTA A. PRESKA, U.S.D.J.

3